IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **RICHARD DAVID DEAN, II,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-cv-02208-JTF-tmp |
| | ) |
| **JUSTINE LOUISE MORGAN DEAN,** | ) |
| | ) |
| Defendant. | ) |

_____

REPORT AND RECOMMENDATION
_____

Before the court is plaintiff Richard David Dean's Motion for Default Judgment against defendant Justine Louise Morgan Dean.[1] Dean filed a *pro se* complaint against Morgan alleging rights to property she took from the estate of his father, Richard David Dean Sr. (ECF No. 1.) Summons was issued as to Morgan through certified mail on April 20, 2021. (ECF No. 6.) These summonses were returned on June 1, 2021. (ECF No. 9.) Over one month later, Dean filed a motion for default judgment due to Morgan's failure to answer the complaint. (ECF No. 10.) The Clerk entered default as to Morgan on July 15, 2021, (ECF No. 11), and Dean filed an affidavit in support of his motion on August 31, 2021, (ECF No. 12). After reviewing the returned summons and affidavit, the

---

[1] For clarity, the defendant will be referred to as "Morgan" throughout.

undersigned entered an Order to Show Cause as to why the case should not be dismissed for lack of subject matter jurisdiction, and to clarify issues with the summons. (ECF No. 13.) Dean was ordered to respond by October 25, 2021. (Id.) No response was received by the deadline. For the reasons set forth below, the undersigned recommends denying the defendant's motion for default judgment and *sua sponte* dismissing this case for a lack of subject matter jurisdiction.

I. PROPOSED FINDINGS OF FACT

Dean's claims all arise from the death of his father, Richard David Dean, Sr., who died on November 19, 2020, from COVID-19 in Shelby County, Tennessee. (ECF No. 1 at 2.) Dean Sr. died intestate, and so his wife, Justine Louise Morgan Dean, received all of his assets and possessions according to Tennessee intestacy law. Id. These assets included over $250,000 in life insurance from Midland National Insurance Company, a new Cadillac Escalade, an $18,000 bond obtained as settlement for an auto accident that Dean Sr. was involved in, and all of Dean Sr.'s personal possessions. (Id.) Dean disputes Morgan's right to this property under Tennessee intestacy law. He claims that his father and Morgan entered into a bigamous marriage in August 1999, while his father was still married to his mother, Vallie Dean. (ECF Nos. 1-2, 1-3.) While Dean Sr. and his mother had been separated for many years, they were only divorced in 2007 pursuant to a decree from

the Shelby County Circuit Court. (ECF No. 1-3.) Dean argues that Morgan's marriage to his father was void and that he is entitled to take the property she now holds due to intestate succession.

The present complaint was filed on April 5, 2021. (ECF No. 1.) In the complaint, Dean asks that the court "order the defendant to turn over all benefits resulting from the deceased to the plaintiff descendant," and specifically lists the life insurance proceeds, the $18,000 bond, the Escalade, and "all of the deceased['s] possessions." (Id. at 2.) The court issued summons as to Morgan on April 20, 2021. (ECF No. 6.) Dean served this summons through certified mail addressed to what he claims is Morgan's address, at 2820 Waters Edge Road in Memphis, Tennessee. (ECF No. 8 at 2.) This summons was returned executed and filed with the court. The certified mail receipt does not list who received the delivery. (ECF No. 8 at 2.) Instead, illegible initials (possibly "BM") are provided twice, with no printed name and no other identifying markers. (Id.) The receipt is marked as having been received by an "agent" as opposed to an "addressee." (Id.) One month after the summons was returned executed, Dean filed a Motion for Entry of Default Judgment due to Morgan's failure to answer the complaint. The Clerk entered default on July 15, 2021, and Dean filed an affidavit in support of his motion on August 31, 2021. (ECF Nos. 11, 12.) In his affidavit, Dean asserts that the complaint was served "upon the defendant" via certified mail, and

that Morgan has yet to respond to the complaint. (ECF No. 12 at 1.) He requests that his desired relief be granted "in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure." (Id. at 2.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The presumption is always that "a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. Jurisdictional concerns are paramount. "Federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd., 556 F.3d 459, 465 (6th Cir. 2009). If a federal court lacks subject matter jurisdiction over a particular case, that case must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

A federal court's subject matter jurisdiction is primarily limited to cases that present some question of federal law, 28 U.S.C. § 1331, or cases between parties who are citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. However, a federal court's diversity jurisdiction

is not absolute. Among other "narrow" exceptions, the "probate exception" prevents federal courts from hearing cases that involve "the annulment of a will, the administration of a decedent's estate, or the disposal of property that is in the custody of a state probate court." Boesky v. Siegel, 305 F. Supp. 3d 779, 782 (E.D. Mich. 2018) (quoting Marshall v. Marshall, 547 U.S. 293, 312 (2006)). The probate exception is not an excuse for federal courts to decline jurisdiction over otherwise justiciable claims "merely because the issues intertwine with claims proceeding in state court." Osborn v. Griffin, 865 F.3d 417, 435 (6th Cir. 2017). Instead, "federal jurisdiction is only destroyed when a plaintiff seeks to set aside a will or appropriate assets that were distributed by a probate court." Id.

Dean's case does appear to satisfy the prerequisites for diversity jurisdiction. However, Dean seeks to redistribute probated property via his complaint. Granting Dean's requested relief, whether in a default judgment or not, would require the court to disturb Dean Sr.'s estate, which has apparently already been probated. Such a request destroys federal jurisdiction. See Wisecarver v. Moore, 489 F.3d 747, 751 (6th Cir. 2007) (dismissing claims where plaintiffs sought "an order divesting Defendants of all property retained by them, which should be turned over to Plaintiffs as the heirs [and] next of kin.") Determining whether Dean is entitled to this relief involves no questions of federal

law but instead matters of Tennessee state law, including the validity of a Tennessee marriage and the administration of Tennessee intestacy statutes. Such issues, especially the potential invalidity of Morgan's marriage, are squarely within the province of Tennessee state courts. Alexander v. Rosen, 804 F.3d 1203, 1205 (6th Cir. 2015) (the domestic relations exception "was designed to prevent" federal courts from "entangling [them]selves in difficult questions of state family law.") The court lacks subject matter jurisdiction over Dean's claims.

**B.   Inadequate Summons**

The undersigned also notes issues with the executed service of process on Morgan. The Federal Rules of Civil Procedure do not authorize service of process by certified mail. Riding Films, Inc. v. Does, 2:13-cv-44, 2014 WL 12586796, at *1 (S.D. Ohio Apr. 17, 2014); Fed. R. Civ. P. 4(e). However, a plaintiff in federal court may utilize any method of service authorized for use in the courts of general jurisdiction in the state in which the relevant federal district court is located. Fed. R. Civ. P. 4(e)(1). Tennessee law allows service of process through certified mail but requires receipt of service by the defendant themselves or by an agent explicitly authorized to accept service of process on the defendant's behalf. Tenn. R. Civ. P. 4.03(2); 4.04(10). Such authorization must be explicit. An agent authorized to receive certified mail is not necessarily an agent authorized to receive

service of process. Hall v. Haynes, 319 S.W.3d 564, 577-78 (Tenn. 2010).

Dean's submitted evidence of executed summons is not sufficient to establish adequate service of process under Federal rules or Tennessee law. The returned certified mail receipt here is signed with the initials "BM," who is not otherwise identified. (ECF No. 9 at 2.) While "BM" indicated that they were an "agent" on the receipt, the Tennessee Supreme Court has found a legal distinction between one authorized to receive certified mail and one authorized to receive service of process. Hall, 319 S.W.3d at 577-78. The receipt here does not provide any evidence as to who BM is or whether they are authorized to receive service of process on Morgan's behalf. Without more, it is unclear whether Morgan has been properly served. Thus, even if this case were validly within the court's subject matter jurisdiction, summons would need to be reissued and returned, signed either by Morgan herself or by an agent explicitly authorized to receive service of process on her behalf, before a default judgment could be entered.

### III. RECOMMENDATION

Based on the above, it is recommended that default judgment be denied and the case be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham

TU M. PHAM
Chief United States Magistrate Judge

October 25, 2021
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**