# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **RICHARD DAVID DEAN, II,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02208-JTF-tmp |
| ) | |
| **JUSTINE LOUISE MORGAN DEAN,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY MOTION FOR DEFAULT JUDGMENT AND DISMISS CASE FOR LACK OF SUBJECT MATTER JURISDICTION

On April 5, 2021, Richard David Dean ("Dean") filed a *pro se* Complaint alleging rights to property Defendant Justine Louise Morgan Dean ("Morgan"), took from the estate of Dean's father, Richard David Dean Sr. (ECF No. 1.) Summons was issued as to Morgan through certified mail on April 20, 2021. (ECF No. 6.) Summons was returned on June 1, 2021. (ECF No. 9.) On July 14, 2021, Dean filed a Motion for Default Judgment against Morgan. (ECF No. 10.) On July 15, 2021, the Clerk entered default judgment as to Morgan. (ECF No. 11.) On August 31, 2021, Dean filed an untimely Affidavit in Support of the Motion.[1] (ECF No. 12.) After reviewing the Affidavit and returned summons, the Magistrate Judge entered an Order to Show Cause as to why the case should not be dismissed for lack of subject matter jurisdiction and to clarify issues with the summons and permitted Dean until Friday, October 22, 2021, to respond. (ECF No. 13.) Dean failed to respond. On October 25, 2021, the Magistrate Judge entered a Report and

---

[1] The Court accepts Dean's untimely Affidavit as filed. (*See* ECF No. 12.)

Recommendation, which recommended that Plaintiff's Motion be denied and that the case be dismissed for lack of subject matter jurisdiction.[2]  (ECF No. 14.)  Dean did not file any objections to the Report and the time to file such objections has passed.  On December 13, 2021, Dean re-filed the Affidavit in Support, which he initially filed on August 31, 2021.  (*See* ECF Nos. 12 & 15.)  For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and finds that Dean's Motion should be **DENIED** and the case *sua sponte* **DISMISSED** for lack of subject matter jurisdiction.

## I.     FINDINGS OF FACT

In the Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates the proposed findings of fact in this case.  (ECF No. 14, 2-4.)  As noted, Plaintiff failed to object to the Magistrate Judge's proposed findings of fact.

## II.     LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates."  *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001).  Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions.  28 U.S.C. § 636(b)(1)(A).  Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1)(B).  Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  Any party who

---

[2] The Court notes that there is an error in the conclusion to the Magistrate Judge's Report.  (*See* ECF No. 14, 2.)  The recommendation should be for the Plaintiff's Motion, not Defendant's.  (Id.)  Defendant does not have a Motion before the Court in this case.

disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted.) Usually, a district court must review dispositive motions under the *de novo* standard. Upon review, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). However, a district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

The Court has reviewed the record in this case, including the Complaint, the Motion for Default Judgment, the Affidavit in Support, and the Magistrate Judge's Report and Recommendation. (ECF Nos. 1, 10, 12, 14 & 15.) As noted above, Dean has failed to file any objections to the Report and Recommendation, and the time to do so has expired. Therefore, after a full *de novo* review of the Magistrate Judges' Report and Recommendation, including the "Proposed Findings of Fact" and the "Proposed Conclusions of Law", the Court **ADOPTS** the Magistrate Judge's Recommendation that Plaintiff's Motion for Default Judgment be **DENIED** and the case **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED** on this 8th day of February 2022.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge

4